**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-709-MOC-DCK**

| | |
|---|---|
| **ROBERT W. TAYLOR,** | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) **ORDER**<br>) |
| **CAROLYN W. COLVIN,**[1]<br>**COMMISSIONER OF SOCIAL**<br>**SECURITY,** | )<br>)<br>)<br>) |
| **Defendant.** | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Attorney's Fees Pursuant To 42 U.S.C. § 406(b)" (Document No. 16) filed on April 9, 2015. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> the motion without prejudice.

By the instant motion, Plaintiff's counsel seeks an award of attorney fees under the Social Security Act, 42 U.S.C. § 406(b), which provides that a "court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past due benefits to which claimant is entitled by reason of such judgment." The Social Security Administration (SSA) has determined that Plaintiff's past due benefits are $75,886.00 for October 2007 through January 2015. (Document No. 17, p.2; Document No. 17-1, p.4). The SSA has withheld $18,971.50, 25 percent of the total past due benefits, to pay Plaintiff's representative. (Document

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

No. 17-1, p.4). Plaintiff's counsel has already recovered $6,000.00. (Document No. 17, p.3). Plaintiff's counsel now requests the remaining of $12,971.50 of the $18,971.50 withheld for fees for work performed before this Court. Id. (Document No. 17, p.3).

The undersigned notes that Plaintiff's "Motion For Fees Under The Equal Access To Justice Act 28 U.S.C. § 2412(d)(1)(A)" (Document No. 13) sought, and obtained, attorney's fees in the amount of $4,871.35. (Document No. 15). Plaintiff based that amount "upon the CPI adjusted rate of $180.50 per hour for 26.05 hours of attorney work performed." (Document No. 13-2, p.1). Plaintiff's counsel now asserts that the lesser of the $4,871.35 EAJA award and the § 406(b) fee awarded by the Court, will be reimbursed to Plaintiff upon award and receipt of the § 406(b) fee. (Document No. 17, p.2, n.1).

The Court recognizes that Plaintiff's "Fee Agreement - Federal Court" (Document No. 17-2) allows for Plaintiff's counsel to get 25% of past-due benefits, as well as "attorney's reasonable expenses," and that the instant motion is unopposed. See (Document No. 18). However, the undersigned does not find that the instant motion adequately shows that "a reasonable fee" in this case is $18,971.50 for 26.05 hours of work. Moreover, upon closer inspection, the undersigned has some concern that the itemization of hours previously filed is inaccurate. See (Document No. 13-2). For example, the itemization of hours provides that counsel spent: 15 minutes reviewing an "Order" (Document No. 3) allowing Plaintiff to proceed *in forma pauperis*; 45 minutes reviewing a two page consent motion to remand (Document No. 11); 30 minutes reviewing a one page "Judgment" (Document No. 12); and two hours researching and drafting a consent motion and memorandum for EAJA fees. (Document No. 13-2).

Recent caselaw provides that a court should review contingent-fee agreements, such as the one here, for reasonableness. Griffin v. Astrue, 1:10-CV-115-MR, 2012 WL 3155578, at *2

(W.D.N.C. August 2, 2012) (citing <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789 (2002) and <u>Mudd v. Barnhart</u>, 418 F.3d 424 (4th Cir. 2005)). In <u>Griffin</u>, the plaintiff "received an award of past due benefits in the amount of $100,414.00" and had an agreement with counsel that would allow counsel to seek 25 percent of the past-due award; however, Griffin's counsel only sought $4725.75 for "the time expended by him and his paralegal." <u>Griffin</u>, 2012 WL 3155578 at *1-2.

Another fairly recent decision within this Circuit also holds that the "attorney for the successful claimant bears the burden of showing the Court 'that the fee sought is reasonable for the service rendered.'" <u>West v. Astrue</u>, 2008 WL 1927308 at *1 (N.D.W.Va. April 29, 2008) (quoting <u>Gisbrecht</u>, 535 U.S. at 807). The court in <u>West</u> found that an award of a contingency fee that "would result in an hourly compensation rate of $1,027.56 per hour" was a "windfall" and then reduced the attorney's fees award to 11% of the past-due benefits award. <u>West</u>, 2008 WL 1927308 at *4. <u>See also</u>, <u>Waugh v. Astrue</u>, 5:11-CV-085-RLV-DCK, 2013 WL 443799 (W.D.N.C. Feb. 5, 2013); <u>Waugh v. Colvin</u>, 5:11-CV-085-RLV-DCK, 2013 WL 2434610 (W.D.N.C. June 4, 2013); <u>McMillan v. Colvin</u>, 2013 WL 6577390 (E.D.N.C. Dec. 13, 2013): and <u>Greene v. Colvin</u>, 2014 WL 2594039 (E.D.N.C. June 10, 2014).

The undersigned also finds language from an older Fourth Circuit decision to be instructive:

> these disability cases are frequently drawn out over a considerable period of time and the accrued benefits which are ultimately determined to be payable may be very substantial. When they are, judges should constantly remind themselves that, while the lawyer is entitled to a reasonable compensation for the services rendered by him in the judicial proceeding, these benefits are provided for the support and maintenance of the claimant and his dependents and not for the enrichment of members of the bar. Routine approval of the statutory maximum allowable fee should be avoided in all cases. In a great majority of the cases, perhaps, a reasonable fee will be much less than the statutory maximum. The statute directs a

> determination and allowance of a reasonable fee and the courts are
> responsible under the Act for seeing that unreasonably large fees in
> these Social Security cases are not charged or collected by lawyers.

Redden v. Celebreeze, 370 F.2d 373, 376 (4th Cir. 1966).

Based on the foregoing, the undersigned will deny the instant motion, without prejudice to Plaintiff renewing his request for attorney fees. A renewed motion should explain why the requested fee is reasonable, describe the time spent by counsel on this case, as well as his typical non-contingent fee hourly rate, and cite appropriate authority supporting the request for fees. A renewed motion should also indicate that the parties have met the requirement of consultation pursuant to Local Rule 7.1 (B).

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion For Attorney's Fees Pursuant To 42 U.S.C. § 406(b)" (Document No. 16) is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**.

Signed: May 12, 2015

David C. Keesler
United States Magistrate Judge