IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-709-MOC-DCK

| ROBERT W. TAYLOR, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | **ORDER** |
| CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security, | ) |  |
| Defendant. | ) |  |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's counsel's "Amended Motion For Attorney's Fees Pursuant To 42 U.S.C. § 406(b)" (Document No. 20) filed on July 2, 2015. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion, with modification.

By the instant motion, Plaintiff's counsel renews his request for an award of attorney fees under the Social Security Act, 42 U.S.C. § 406(b), which provides that a "court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past due benefits to which claimant is entitled by reason of such judgment." Here, the Social Security Administration ("SSA") determined that Plaintiff's past due benefits are $75,886.00 for October 2007 through January 2015. (Document No. 17, p.2; Document No. 17-1, p.4). The SSA has withheld $18,971.50, 25 percent of the total past due benefits, to pay Plaintiff's

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this suit.

representative. (Document No. 17-1, p.4). Plaintiff's counsel has already recovered $6,000.00. (Document No. 17, p.3). Plaintiff's counsel now requests the remaining of $12,971.50 of the $18,971.50 withheld for fees for work performed before this Court. Id. (Document No. 17, p.3).

The undersigned notes that Plaintiff's "Motion For Fees Under The Equal Access To Justice Act 28 U.S.C. § 2412(d)(1)(A)" (Document No. 13) sought, and obtained, attorney's fees in the amount of $4,871.35. (Document No. 15). Plaintiff based that amount "upon the CPI adjusted rate of $180.50 per hour for 26.05 hours of attorney work performed." (Document No. 13-2, p.1). Plaintiff's counsel now asserts that the $4,871.35 EAJA award was "seized by the US Department of the Treasury in payment of an outstanding debt owed by Plaintiff." (Document No. 21, pp.2-3) (citing Document No. 21-2).

The Court recognizes that Plaintiff's "Fee Agreement - Federal Court" (Document No. 17-2; Document No. 21-3) allows for Plaintiff's counsel to receive 25% of past-due benefits, as well as "attorney's reasonable expenses," and that the original motion and the instant motion are unopposed. See (Document Nos. 18 and 20). However, the undersigned continues to be unconvinced that Plaintiffs motions adequately show that "a reasonable fee" in this case is $18,971.50 for 26.05 hours of work. Such an award would be equivalent to an hourly rate of $728.27, nearly double counsel's non-contingent hourly rate of $400 per hour.

Moreover, as explained in the prior "Order," the undersigned is concerned that the itemization of hours previously filed is inaccurate. See (Document No. 13-2; Document No. 21-4; and Document No. 19, p.2). Despite the Court's specific identification of work that does not appear to fit the time allotted by counsel, Plaintiff's counsel declined to address those concerns in his renewed motion, or amend his itemization of work on this case. (Document No. 21;

Document No. 21-4). Instead, Plaintiff noted his "extensive education, experience, and specialized knowledge of Social Security Disability law." (Document No. 21, pp.4-5).

The undersigned is well-aware that Plaintiff's counsel has a wealth of experience in this area of practice. In fact, Plaintiff's experience before this Court, as well as his service on various related boards and committees, tend to support the Court's finding that time allotted to certain work in this case is not reasonable. It does not appear, and Plaintiff's counsel has not suggested, that this was a particularly difficult case. "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 10) identifies one issue – whether the ALJ failed to ask a proper hypothetical question. Twenty days later, Defendant filed its "Motion For Reversal And Remand…" (Document No. 11).

As previously noted, recent case law provides that a court should review contingent-fee agreements, such as the one here, for reasonableness. Griffin v. Astrue, 1:10-CV-115-MR, 2012 WL 3155578, at *2 (W.D.N.C. August 2, 2012) (citing Gisbrecht v. Barnhart, 535 U.S. 789 (2002) and Mudd v. Barnhart, 418 F.3d 424 (4th Cir. 2005)). Another fairly recent decision within this Circuit also holds that the "attorney for the successful claimant bears the burden of showing the Court 'that the fee sought is reasonable for the service rendered.'" West v. Astrue, 2008 WL 1927308 at *1 (N.D.W.Va. April 29, 2008) (quoting Gisbrecht, 535 U.S. at 807).

Plaintiff's counsel has acknowledged that "there is no presumption that the attorney fee requested pursuant to a contingent-fee contract is reasonable . . . [i]nstead the attorney seeking a § 406(b) fee must demonstrate that the requested fee is reasonable." (Document No. 21, p.3). See also, Redden v. Celebreeze, 370 F.2d 373, 376 (4th Cir. 1966) ("Routine approval of the statutory maximum allowable fee should be avoided in all cases"). After two attempts, the undersigned is not persuaded that counsel has demonstrated that the requested fee is reasonable.

Based on the foregoing, the undersigned has determined that a downward adjustment is appropriate here and that a reasonable fee, that still recognizes the risks inherent in this type of representation, is an award of $10,000.00.

**IT IS, THEREFORE, ORDERED** that Plaintiff counsel's "Amended Motion For Attorney's Fees Pursuant To 42 U.S.C. § 406(b)" (Document No. 20) is **GRANTED, with modification**. The Court awards Plaintiff's counsel fees and expenses in the amount of **$10,000.00**.

**SO ORDERED**.

Signed: December 17, 2015

David C. Keesler
United States Magistrate Judge

4